IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF OREGON

LOREN MARTIN,                                  Civ. No. 05-1913-HO

             Plaintiff,                        ORDER

     v.

Commissioner of Social Security,

             Defendant.

     Plaintiff seeks review of the decision of the Commissioner denying his applications for disability insurance and supplemental security income benefits.  Plaintiff argues that the administrative law judge (ALJ) improperly rejected medical opinions, and lay evidence consisting of plaintiff's testimony and the reports of plaintiff's parents and vocational rehabilitation counselor.  The parties also dispute whether the ALJ properly found that plaintiff's past work as a production inspector may constitute past relevant work.  Because the ALJ did not address all the medical opinions in his written decision, the

decision of the Commissioner is reversed.  Because the record contains conflicting evidence, this matter is remanded for the ALJ to issue a written decision addressing all the probative evidence, resolving the conflicts in the evidence, and determining whether plaintiff is disabled.

## Discussion

The ALJ summarized part of Dr. Shellman's report, but did not address Dr. Shellman's conclusions that plaintiff meets the criteria for general assistance based on psychological factors, has a global assessment of functioning (GAF) of 45, has "marked" impairment in activities of daily living, has had more than four episodes of decompensation over the last 12 months, "has an active disease process that has produced quite marginal adjustment," has moderate impairment in attention/concentration operations, and an increase in mental demands would produce further decompensation.  (Tr. 161-62).  The ALJ's decision does not mention Dr. Wimmer's report.  (Tr. 222).

The medical and lay evidence is susceptible to more than one reasonable interpretation.  For example, plaintiff testified that he is frequently rendered housebound for days or weeks during depressive episodes.  He also stated he would accept part-time or full-time employment, though he was not certain he was capable of such employment.  He stated he hopes to be granted custody of his eleven year old son, who currently resides with him, his parents

2 - ORDER

help him with his son, and his parents took care of his son during a recent depressive episode. Treating physician Dr. Mead's opinion that plaintiff has no mental limitations prohibiting employment conflicts with opinions of Dr. Shellman and other medical sources.

Given the record in this case, remand for further proceedings is appropriate. On remand, the ALJ shall consider the opinions of Dr. Shellman and Dr. Wimmer, reconsider all the evidence, and issue a new written decision. Nothing in this order prevents the ALJ from further developing the record as he deems appropriate. It appears to the court that plaintiff worked as a production inspector for nearly a year during 1997 and 1998, and that he earned enough for the work to qualify as substantial gainful activity, and thus, as past relevant work. (Tr. 74, 81). Plaintiff is free to raise this argument on remand.

## Conclusion

Based on the foregoing, the decision of the Commissioner is reversed. This matter is remanded for further proceedings described herein.

IT IS SO ORDERED.

DATED this __27th__ day of January, 2007.

                                                    s/ Michael R. Hogan
                                                  United States District Judge